IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT LICCIARDI,

    Petitioner,                    No. CIV S-09-1043 GGH P

    vs.

WALKER, Warden,

    Respondent.                ORDER
_____/

        Petitioner is a state prisoner proceeding pro se with an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 1995 San Joaquin County Superior Court conviction of murder for financial gain for which he was sentenced to a term of life without parole. The ground of his petition is a claim of actual innocence.

        Court records reveal that petitioner has previously filed an application for a writ of habeas corpus challenging his 1995 San Joaquin County conviction and sentence. His original application was filed on February 25, 2002, and was dismissed with judgment thereon entered on March 20, 2003. Licciardi v. State of California, CIV No. S-02-0148 LKK PAN P. A subsequent application in the district court was transferred to the Ninth Circuit as successive for authorization by the Ninth Circuit Court of Appeals on January 25, 2006. Licciardi v. State of California, CIV No. S-05-2072 MCE KJM P. The authorization was thereafter denied on April

1 | 19, 2006, by the Ninth Circuit (Appeal No. 06-70576).

This appears to be petitioner's second successive petition. As such, it must be authorized by the Ninth Circuit before petitioner may proceed. See 28 U.S.C. 2244(b)(3); Rule 9, Rules Governing Section 2254 Cases. Under Ninth Circuit Rule 22-3, "[i]f a second or successive petition or motion, or an application for leave to file such an application or motion, is mistakenly submitted to the district court, the district court shall refer it to the court of appeals."[1]

Accordingly, IT IS ORDERED that the instant petition be transferred to the Ninth Circuit Court of Appeals.

DATED: April 28, 2009

/s/ Gregory G. Hollows
_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
licc1043.scs

---

[1] Although petitioner has neither paid the filing fee nor filed an in forma pauperis affidavit for a habeas application in this court, see 28 U.S.C. §§ 1914(a); 1915(a), no filing fee is required in the Court of Appeals under Ninth Circuit Rule 22-3(a).